In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-539 CV


____________________



RICHARD KOSKEY, Appellant



V.



BAKER HUGHES, INC., Appellee






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-167123-A






 MEMORANDUM OPINION 


 This appeal arises from a summary judgment granted in favor of a parent corporation
that alleged it was protected by the "exclusive remedy" provision of the Texas Workers'
Compensation Act against work-related claims of its subsidiary corporation's employee. 
Because we find that the parent corporation failed to prove it was entitled to summary
judgment, we reverse and remand. 

 Plaintiff Richard Koskey sued Baker Hughes, Inc. ("BHI") and other defendants
regarding injuries he allegedly received during his employment as a sandblaster from 1985
until 1991 for Baker Hughes Tubular Services, Inc. ("Tubular"). Koskey maintains he
contracted pulmonary silicosis as a result of his exposure to respirable silica dust. During
the entire time Koskey worked for Tubular, BHI was Tubular's parent corporation. In
moving for summary judgment under Texas Rule of Civil Procedure 166a(c), BHI claimed
that the Texas Workers' Compensation Act ("Act") and section 408.001(a) of the Act
provide the exclusive remedy for Koskey's work-related injuries. This claim was the sole
ground for BHI's successful summary judgment motion. 

Standard of Review


 In a summary judgment motion brought under Rule 166a(c), the movant has the
burden of showing that there is no genuine issue as to any material fact and that it is entitled
to judgment as a matter of law. Provident Life and Acc. Ins. Co. v. Knott, 128 S.W.3d 211,
215-16 (Tex. 2003). We view all evidence in a light favorable to the nonmovant, and we
indulge every reasonable inference in the nonmovant's favor. Id. To be entitled to summary
judgment on an affirmative defense, a defendant must plead and conclusively establish each
element of its defense as a matter of law. See Johnson & Johnson Medical, Inc. v. Sanchez,
924 S.W.2d 925, 927 (Tex. 1996).

 As the trial court granted summary judgment on BHI's affirmative defense of
exclusive remedy, BHI must prove each of the defense's elements as a matter of law. See
Garza v. Exel Logistics, Inc., 161 S.W.3d 473, 475 n.10 (Tex. 2005); see Sanchez, 924
S.W.2d at 927. The "exclusive remedy" statute states: "Recovery of workers' compensation
benefits is the exclusive remedy of an employee covered by workers' compensation
insurance coverage or a legal beneficiary against the employer or an agent or employee of
the employer for the death of or a work-related injury sustained by the employee." Tex. Lab.
Code Ann. § 408.001(a) (Vernon 1996). Thus, as explained by the Garza Court, the
elements of exclusive remedy that BHI was required to show are: (1) that it is an employer
under section 408.001 and (2) that it was covered by workers' compensation. See Garza, 161
S.W.3d at 474-75. 

 In issue three, Koskey asserts that BHI failed to prove it was entitled to the exclusive
remedy protection. We agree because BHI did not establish either of the remedy's elements.

 First, BHI failed to establish that it was Koskey's employer. Under the Act, the term
"employer" is defined, unless otherwise specified, as "a person who makes a contract of hire,
employs one or more employees, and has workers' compensation insurance coverage. The
term includes a governmental entity that self-insures, either individually or collectively." 
Tex. Lab. Code Ann. § 401.011(18) (Vernon Supp. 2005). The Texas Supreme Court
recently concluded that more than one entity could meet this definition and be considered an
injured worker's employer for workers' compensation and exclusive remedy purposes. See
Wingfoot Enterprises v. Alvarado, 111 S.W.3d 134, 135, 139-40, 149 (Tex. 2003)(holding
that exclusive remedy provision applied to general employer that had workers' compensation
insurance coverage). To determine if an entity is an employer, the Garza Court instructs that
we are to "consider traditional indicia, such as the exercise of actual control over the details
of the work that gave rise to the injury." Garza, 161 S.W.3d at 477. In Garza, the Court also
noted that: (1) the injured worker was working on the premises of the company claiming it
was an employer under the Act; (2) the injured worker was furthering that company's day-to-day business; and (3) the company "specifically directed" the injury-causing work's
details. Id.

 BHI maintains it proved the control element of its affirmative defense through
Koskey's judicial admissions in his original petition. BHI asserts Koskey made five specific
allegations that establish BHI as Koskey's co-employer: 

 1. BHI "undertook a duty to provide a safe work environment at its
subsidiary";

 

 2. BHI was "in control" of Tubular's facility where Koskey allegedly was
exposed;


 3. BHI "retained the power to direct the order in which work was done"
at Tubular, including "the promulgation of safety procedures and the
direction of safety surveillance";


 4. BHI "retained the authority to forbid work at Tubular's facility from
being done in a dangerous manner"; and 


 5. BHI "exercised supervisory control over the operations" at Tubular's
plant. 


 What these allegations lack, however, is any indication that BHI exercised "actual
control over the details of the work that gave rise to" Koskey's injury as required by Garza. 
See Garza, 161 S.W.3d at 477. We find that Koskey's pleadings do not constitute judicial
admissions sufficient to establish BHI's "actual control" as a matter of law. As BHI
presented no other evidence on control, it failed to establish that it was an employer for
exclusive remedy purposes. (1)

 BHI also failed to establish that it was covered by workers' compensation insurance
coverage for Koskey's alleged work-related injury as required by section 408.001(a) for
purposes of applying the exclusive remedy provision. See Garza, 161 S.W.3d at 481; see
Tex. Lab. Code Ann. § 408.001(a). The only summary judgment evidence that BHI
presented regarding workers' compensation insurance was Juan Rodriguez's affidavit, which
stated that Tubular was covered by workers' compensation insurance; however, Rodriguez's
affidavit did not address BHI's coverage. BHI further argues that Koskey waived any
objection to Rodriguez's affidavit by not objecting to it before the trial court. But, Koskey
had no need to object to an affidavit that did not establish BHI's coverage, which was an
element that BHI had to prove to be entitled to summary judgment on its exclusive remedy
defense. See Sanchez, 924 S.W.2d at 927. 

 We find that BHI failed to establish the required elements of its exclusive remedy
defense and sustain issue three. Because our resolution of issue three disposes of this case,
we need not consider Koskey's other issues. See Tex. R. App. P. 47.1. 

 We reverse the trial court's summary judgment in BHI's favor and remand the case
to the trial court for further proceedings.

 REVERSED AND REMANDED.

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on June 23, 2005

Opinion Delivered August 11, 2005

Before McKeithen, C.J., Kreger and Horton, JJ.
1. BHI's summary judgment evidence was: (1) Koskey's answers to requests for
production to which Koskey's social security records were attached; (2) the affidavit of
Juan Rodriguez, insurance administrator for BHI, who stated that during the time period
when Koskey was employed by Tubular, Tubular was at all times covered by workers'
compensation insurance; (3) the affidavit of Victor Bedford, a former safety coordinator
for Tubular, who stated that during the time period when Koskey worked for Tubular,
Tubular's employees selected the respiratory protective equipment and sandblasting
abrasives used at the site where Koskey worked.